**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

**EASTERN DIVISION**

| | |
|---|---|
| Valerie Kinman, individually and on behalf of all others similarly situated,<br><br>         Plaintiff,<br><br>    - against -<br><br>The Kroger Co.,<br><br>        Defendant | 1:21-cv-01154 |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion to Dismiss the First Amended Complaint

## INTRODUCTION

Plaintiff Valerie Kinman ("Plaintiff") submits this memorandum of law in opposition to the motion by Defendant The Kroger Co. ("Defendant"), to dismiss the First Amended Complaint ("FAC"). ECF No. 20.

Plaintiff brings claims for damages for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1 *et seq.*, and the consumer protection laws of Iowa, Indiana, Ohio, Arkansas, and Texas, FAC ¶¶ 88-89, and common law claims, *Id.* ¶¶ 99-110, on behalf of a proposed class of consumers from these states who purchased Defendant's Private Selection "Smoked Gouda" ("Product"). *Id.* ¶¶ 1, 81. Plaintiff seeks monetary damages and injunctive relief, expenses, and reasonable attorneys' fees. *Id.* ¶ 16 (Prayer for Relief, ¶¶ 1-6).

Defendant argues that the claims should be dismissed, because, among other reasons, they are not plausible and subject to preemption. *See* Defendant's Memorandum of Law in Support of Defendant's Motion to Dismiss Plaintiff's First Amended Complaint ("Def. Mem."). None of Defendant's arguments are a basis for dismissal, and Defendant's motion should be denied.

## FACTUAL BACKGROUND

Defendant manufactures, labels, markets, and sells slices of "Smoked Gouda" purporting to get its smoked attributes – including taste and color – entirely from being smoked, under its Private Selection brand, promising a "Distinctive, Smoky Flavor," on the front label. FAC ¶ 1.

 

Unfortunately for consumers, the representations are misleading as Defendant fails to disclose the Product was not smoked, and gets it smoked qualities entirely from liquid flavoring, prepared by pyrolysis of hardwood sawdust, instead of being smoked over hardwoods. *Id*. ¶¶ 1, 33.

Competitor brands of smoked Gouda are truthfully labeled with respect to the source of their smoked taste – from smoking over hardwoods instead of the addition of liquid smoke flavoring. FAC ¶ 36.

The result of adding liquid smoke to substitute for being smoked over hardwood is failing "to supply the rich, layered combination of phenols and other odor-active compounds compared to where a food's taste is derived entirely from being smoked over wood." FAC ¶ 11.

Plaintiff purchased the Product bearing Defendant's "Private Selection" brand on the front label. *Id*. ¶ 1. Plaintiff saw and relied on these representations in believing that the Product's smoke flavor was predominantly from burning wood. FAC ¶¶ 33, 52. Had Plaintiff known the truth, she would not have bought the Product or would have paid less for it. *Id*. ¶ 59. As a result of this misleading labeling, the Product is sold at a premium price, as compared to similar competing products represented in a non-misleading way and its value was materially less than its value as represented by Defendant. *Id*. ¶¶ 55, 57.

## STANDARD OF REVIEW

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Roberts v. City of Chicago*, 817 F.3d 561, 564 (7th Cir. 2016) quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The facts pled by Plaintiff are sufficient to allow this Court to draw the reasonable inference that Defendant is liable for violations of the FFDCA, IFDCA, ICFA, breach of express and implied warranties, negligent misrepresentation, common law fraud, unjust enrichment, and the Magnuson Moss Warranty Act by adding liquid smoke in its cheese Product. FAC ¶¶ 88-113.

## ARGUMENT

### I.  PLAINTIFF PROPERLY PLED DECEPTION

Defendant argues Plaintiff's ICFA claim should be dismissed because there is no deception. Def. Mem. at 13. To prevail on a claim under ICFA, "a plaintiff must plead and prove

3

that the defendant committed a deceptive or unfair act with the intent that others rely on the deception, that the act occurred in the course of trade or commerce, and that it caused actual damages." *Jackson v. SFC Global Supply Chain, Inc*., No. 3: 20-cv-1072-DWD (S.D. Ill. Aug. 25, 2021) citing *Avon Hardware Co. v. Ace Hardware Corp*., 998 N.E.2d 1281, 1290 (Ill. App. Ct. 2013).

Plaintiff sought to purchase a product subject to *some* smoking, instead of only having added smoked flavor. FAC ¶ 90. Defendant misled Plaintiff and prospective class members by disclosing this only in the ingredient list *and* failing to disclose the Product was not smoked. FAC ¶¶ 1, 33.

A.    The Reasonable Consumer Standard Requires Denial of Defendant's Motion

To establish that a plaintiff engaged in a "deceptive act or practice" (the first element of an ICFA claim), a plaintiff must "allege conduct that plausibly could deceive a reasonable consumer." *In re 100% Grated Parmesan Cheese Mktg. & Sales Practices Litig*., 275 F. Supp. 3d 910, 920-21 (N.D. Ill 2017).

Under this "reasonable consumer" standard, the "allegedly deceptive act must be looked upon in light of the totality of the information made available to the plaintiff." *Davis v. G.N. Mortg. Corp*., 396 F.3d 869, 884 (7th Cir. 2005).

The Court must "dismiss an ICFA claim at the pleading stage if the statement is 'not misleading as a matter of law.'" *Fuchs v. Menard, Inc*., No. 17-cv-01752, 2017 WL 4339821, at *3 (N.D. Ill. Sep. 29, 2017).

Whether a misstatement is material is "an inherently fact-specific finding." *United States Securities and Exchange Commission v. Winemaster*, No. 19-cv-04843 (N.D. Ill. Mar. 29, 2021).

Defendant's argument, "consumers prefer liquid smoke," is irrelevant and subjective, because the standard on a motion to dismiss requires accepting Plaintiff's allegations as true. Def. Mem. at 19 n. 4.

The FAC alleged that "consumers value 'the real thing' versus a close substitute and should be able to rely on the label to readily distinguish between the two." FAC ¶ 21. Nevertheless, whether consumers prefer liquid smoke or smoking over hardwoods "involve disputed questions of fact not suitable to a motion to dismiss[.]" *Hayes*, No. 19-cv-05626; *Gubala v. CVS Pharmacy, Inc.*, No. 14-cv-9039 (N.D. Ill. June 16, 2015) (citing *Bober v. Glaxo Wellcome PLC*, 246 F.3d 934, 940 (7th Cir. 2001)).

As the Seventh Circuit has directed, "in determining whether the allegations in [the] complaint state [an ICFA] claim for relief that satisfies the requirements of Rule 12(b)(6)," the court must "ask whether the allegedly false and misleading statements on which [the plaintiff] base[s] his [ICFA] claim can be read to create a likelihood of deception or to have the capacity to deceive." *Bober,* 246 F.3d at 938.

### B.     Truthful Statements Can Be Misleading

Defendant argues a statement or label cannot mislead unless it conveys untrue information. Def. Mem. at 14. However, literally true statements can have misleading implications. *Kraft, Inc. v. FTC,* 970 F.2d 311 at 322 (7th Cir. 1992).

Under the ICFA, "a statement is deceptive if it creates a likelihood of deception or has the capacity to deceive." *Freeman v. MAM USA Corporation*, No. 1:20-cv-01834 (N.D. Ill. Mar. 23, 2021) citing *Bober*, 246 F.3d at 938.

Defendant's identification of the Product as "Smoked Gouda" is, at best, only true with respect to the taste of the cheese. Without the required qualifications, it conveys the false message

that the Product was smoked over hardwood, and made without additives consumers increasingly avoid, leading to consumer deception. FAC ¶ 2, 32-33

Courts must consider the context of the "information made available to the plaintiff" in deciding whether a statement is deceptive. *Muir v. Playtex Prod., LLC,* 983 F. Supp. 2d 980, 987 (N.D. Ill. Nov. 6, 2013). Here, that context relates to Defendant's Product, which has not undergone any smoking, sold alongside, and labeled identically to, other brands of Gouda which get their smoked taste entirely from being smoked over hardwood. FAC ¶¶ 36-37 ("consumers are misled by products that appear identical even though Defendant's Product is not equal in quality to those without added smoke flavor.").

Moreover, where similar Gouda products "may have undergone *some* [or no] smoking," but contain "added smoke flavor," this information is disclosed on the front label. FAC ¶ 38. This is required by law and enables consumers to quickly compare different brands of products. FAC ¶¶ 25-27 (citing 21 C.F.R. § 133.193(b) and 21 C.F.R. § 101.22).

Defendant cites to *Colpitts v. Blue Diamond Growers*, as an example of a label which may mislead consumers regarding its "smoked" attributes. *Colpitts v. Blue Diamond Growers*, No. 20-cv-2487 (JPC), 2021 WL 981455, at *2-3 (S.D.N.Y. Mar. 16, 2011). However, *Colpitts* did not establish a "floor" which would exempt product labels from deceiving consumers, as long as they did not include a noun in their name. *Colpitts*, 2021 WL 981455, at *2-3 (finding that consumers could believe the almonds were prepared in the "Smokehouse" identified on the front label).

The ICFA defines "deceptive or unfair practices [to] include any 'misrepresentation or the concealment, suppression or omission of any material fact.'" *Bakopoulos v. Mars Petcare US, Inc.*, No. 20-cv-6841 (N.D. Ill. July 12, 2021).

The absence of the qualifying term "added smoke flavor" is misleading. FAC ¶¶ 1, 31-33.

Defendant's reliance on *Fuchs* is inapposite because there, "a federal agency—indeed, the one charged with assisting industries to develop manufacturing standards—recognizes the [defendant's] practice of labelling lumber products with a "nominal" size that is not the lumber's actual size." *Fuchs*, 2017 WL 4339821, at *3.

In contrast to the lumber labeling in *Fuchs*, which was "endorsed by a government agency and industry practice," Defendant's omission of "smoke flavor added" from the front label was specifically rejected by the relevant overseeing agency and contrary to industry practice. FAC ¶ 23 (citing FDA Warning Letter to company that failed to disclose the addition of smoked flavor on the front label), FAC ¶¶ 36, 39 (distinguishing competitor products which comply with relevant regulations.).

Moreover, the plaintiffs in *Fuchs* could "readily see if there is a mismatch between what they perceive as the size on the label and the height and width of the lumber," while nowhere on Defendant's packaging are consumers told the Product has not been subject to any smoking. *Fuchs*, 2017 WL 4339821, at *3.

In *Galanis v. Starbucks Corp.*, No. 16-cv-4705, 2016 WL 6037962, at *3 (N.D. Ill. Oct. 14, 2016) the addition of ice to an iced drink was not deceptive because "a reasonable consumer who purchases an 'iced' drink, expects [some portion of the 24 oz.] to [include the] ice in the drink"). Here, a reasonable consumer does not expect "Smoked Gouda" to have not been subject to any smoking, especially in light of the numerous Gouda which are smoked.

Unlike *Gubala*, where the wording "Whey Protein Powder," displayed alongside "Naturally & Artificially Flavored Drink Mix" and "high-quality protein," was not deceptive because it actually included the phrase "Naturally & Artificially Flavored Drink Mix," Def. Mem. at 14, the Product's label, does not include the qualifying phrase "with added smoke flavor" or

"with natural smoke flavor" or "flavor added" on the front label. FAC ¶ 25 citing *Gubala*, 2015 WL 3777627, at \*2 ; FAC ¶¶ 20, 24-25. It is difficult to spell out a false representation if a seller deceptively adopts methods commonly used to describe similar products. *Hesmer Foods, Inc. v. Campbell Soup Company*, 346 F.2d 356 at 359 (7th Cir. 1965).

Defendant's reliance on *Ibarrola* is misplaced, as the plaintiff there sought a product which was technologically – and digestibly – not possible. Specifically, that product's representation that it had "no refined sugars" could not have been understood in the manner alleged by the plaintiff, because sugar *must* be refined, otherwise it consists of rough, unwieldy stalks. Def. Mem. at 18 citing *Ibarrola* v. *Kind, LLC.,* 83 F. Supp. 3d at 751, 756 (N.D. Ill. 2015).

Gouda cheese, on the other hand, "with a smoked taste only from smoking, exists in the marketplace and is not technologically or otherwise unfeasible to produce." FAC ¶¶ 35-36. There is nothing impractical about "Smoked Gouda" which is smoked, without added smoke flavor. FAC ¶¶ 1, 25.

Rather, smoking is a processing method to preserve the flavor of food by exposing it to smoke from burning wood and not by adding liquid smoke, prepared by pyrolysis of hardwood sawdust. *Id*. ¶¶ 2, 33.

In support of its position, Defendant relies on the conclusions of courts from other jurisdictions. Def. Mem. at 14. An example is *Colpitts*, 2021 WL 981455, at \*2-3, where the court reviewed the design of the overall package to hold "nothing else on the front of the packaging would alert consumers that the "Smokehouse" label refers only to the almonds' flavor, rather than the flavoring process, such as words like "smoky flavor." *Id.* at \*10. Plaintiff did not receive all of what she bargained for, which was a smoked taste, the result of the cheese being smoked over hardwood. Def. Mem. at 15; FAC ¶ 72.

C.      Plaintiff's Allegations do not Seek to Impose Requirements Beyond What is
        Already Required

Defendant contends Plaintiff incorrectly asks the Court to apply 21 C.F.R. § 101.22(i)(1)(i),

because smoking is a process, not an ingredient. Def. Mem. at 16. This argument may appear

correct *if* other regulations and rulemaking are improperly not considered. First, the FAC provided

an example of the FDA applying 21 C.F.R. § 101.22(i)(1)(i) in the context of a product whose

front label failed to indicate it contained "natural smoke flavor" instead of being subjected to a

smoking process. FAC ¶ 23.

Second, the Federal Register, which contains the history of the regulations, and provides

context, expressed the FDA's position that "it [is] misleading to describe a food as 'smoked' when

'true smoke is absorbed in a liquid or other medium, and that medium is added to a food to provide

a smoke flavor.' FAC ¶ 24 citing 38 Fed. Reg. 20721 (requiring food with added liquid smoke to

state "with added smoke flavor," or "[with] natural smoke flavor" on the front label).

Third, the requirement of disclosing the "addition of smoke flavor to cheese was considered

significant enough to warrant a specific regulation, entitled, 'Spiced, flavored standardized

cheeses.'" FAC ¶¶ 26-27 citing 21 C.F.R. § 133.193 and 21 C.F.R. § 133.142.

These federal requirements are identical to those adopted by this state. FAC ¶ 20 ("410

ILCS 620/21(j) ('[a] federal regulation automatically adopted pursuant to this [Federal Food, Drug

& Cosmetic] Act takes effect in this State on the date it becomes effective as a Federal

regulation.'").

Fourth, the FAC explains in detail how FDA has warned companies like Defendant who

violate the FFDCA, because they fail to accurately inform consumers of foods which are not

smoked but only have added smoke flavor.

9

It states that "if these smoke ingredients [natural smoke flavor] are added flavors, they should be declared in accordance with 21 CFR 101.22 [on the front of the label]." FAC ¶ 23.

The FAC further explains how Defendant committed these violations, by failing to include a required statement of "with added smoke flavor," "[with] natural smoke flavor" or "flavor added," on the front label and telling consumers, like Plaintiff, a "half-truth" about a "Smoked Gouda" that does not come from being smoked over hardwood, but from liquid smoke. FAC ¶¶ 1, 10, 25.

By relying on the label, consumers can distinguish between the two and purchase the real product versus a close substitute. FAC ¶¶ 20-22. Defendant added liquid smoke flavor. Therefore, it did not use a process but added a characterizing ingredient, "liquid smoke." This should be stated on the front label. *Id.* ¶¶ 25, 31, 33.

Consumers, including Plaintiff, are misled because the absence of required, qualifying terms, i.e., "natural smoke flavored Gouda," "smoke flavored Gouda," or "Gouda with natural [added] smoke flavor," gives them the false impression that all the Product's smoked attributes – including taste and color – are imparted by smoking, when none of these attributes are. 21 C.F.R. § 101.22(i)(1)(i); FAC ¶¶ 22, 36-37.

Thus, Plaintiff was deceived by Defendant's omission because it is misleading to describe a food as "smoked" when "true smoke is absorbed in a liquid or other medium, and that medium is added to a food to provide a smoke flavor." FAC ¶ 24 quoting 38 Fed. Reg. 20721. Defendant states its label is not deceptive or misleading to reasonable consumers. Def. Mem. at 17. Plaintiff's allegations are based on violations of the ICFA, not food labeling regulations. FAC ¶¶ 88-89, 90-94. Though the FDCA does not provide a private right of action, its Illinois counterpart can form the basis of a state cause of action, under the ICFA, so long as it would not

impose requirements that are not identical to the requirements of the FDCA. *Turek v. General Mills, Inc.*, 662 F.3d 423, 426 (7th Cir. 2011). The underlying conduct – failure to disclose attributes and qualities of the sliced Gouda – would be misleading had the applicable food labeling requirements never been established. Since the requirements of state and federal regulations are identical, the outcome sought by Plaintiff would not force Defendant to take any action it was already required to. FAC ¶ 20.

        D.     <u>Ingredient List is not a Defense to Front Label Misrepresentations</u>

"An accurate fine-print list of ingredients does not foreclose as a matter of law a claim that an ambiguous front label deceives reasonable consumers." *Bell v. Publix Super Markets, Inc*., 982 F.3d 468, 476 (7th Cir. 2020). Consumer-protection laws do not impose on average consumers an obligation to question the labels they see and to parse them as lawyers might for ambiguities, especially in the seconds usually spent picking a low-cost product. *Bell*, 982 F.3d at 477, citing *Danone, US, LLC v. Chobani, LLC*, 362 F. Supp. 3d 109, 123 (S.D.N.Y. 2019) ("[A] parent walking down the dairy aisle in a grocery store, possibly with a child or two in tow, is not likely to study with great diligence the contents of a complicated product package, searching for and making sense of fine-print disclosures.... Nor does the law expect this of the reasonable consumer.").

The court in *Bell* held that "the ambiguity rule for front-label claims would encourage deceptive [] labeling … Deceptive [labeling] often intentionally use ambiguity to mislead consumers while maintaining some level of deniability about the intended meaning." 982 F.3d at 477.

In *Bell*, the Seventh Circuit Court of Appeals held the label "100% Grated Parmesan Cheese" was ambiguous and could be misleading to consumers … that "the average consumer was

not required to parse labels like a lawyer by referring to fine print on the back, and that whether the label was deceptive was a question for the finder of fact." 982 F.3d at 477.

Defendant contends that its label is not ambiguous and Plaintiff's attempt to create an ambiguity is a strained interpretation. Def. Mem. at 17-18. However, Defendant's label is ambiguous as the front packaging states, "Smoked Gouda" and "Distinctive, Smoky Flavor," rendering the statement confusing and misleading to a reasonable consumer. FAC ¶¶ 28, 32-33. In other words, the Product's label requires a consumer to "parse [] like a lawyer" to understand whether the "smoky flavor" was from being smoked over hardwoods or added liquid smoke.

Furthermore, Gouda cheese which gets its smoked taste exclusively or even in a *de minimis* amount, from being smoked, is not a rare or pricy delicacy that would make a reasonable consumer "double check" the absence of added smoke flavor on the ingredient list. FAC ¶ 34.

## II. PLAINTIFF ADEQUATELY ALLEGED COMMON LAW CLAIMS

### A. Plaintiff's Warranty Claims are Viable

Defendant asserts that Plaintiff's warranty claims fail because (a) she failed to provide pre-suit notice; (b) she failed to allege the creation of an express warranty; and (c) the Product was and remains merchantable. Def. Mem. at 24.

#### 1. *Plaintiff Properly Provided Notice to Defendant*

The requirement of pre-suit notice does not apply where a defendant, like here, had actual knowledge of the Product's composition as stated in its ingredients and therefore of its defect. FAC ¶ 39.

U.C.C. § 2-607(3)(a) requires that "a buyer must within a reasonable time after he discovers or should have discovered any breach notify the seller of the breach or be barred from any remedy." 810 ILCS 5/2-607(3)(a). This notice requirement can be excused in this situation, because "Defendant received notice and should have been aware of these issues due to complaints by

12

regulators, competitors, and consumers, to its main offices." FAC ¶ 103; *Allstate Ins. Co. v. Daimler Chrysler,* No. 03-cv-6107, 2004 WL 442679, at *2 (N.D. Ill. Mar. 9, 2004).

Even if notice was required, the filing of the Complaint and Amended Complaint satisfy the notice requirement of § 2-607. *In re Bridgestone/Firestone, Inc. Tires Products*, 155 F. Supp. 2d 1069 (S.D. Ind. 2001) (plaintiffs provided requisite notice by filing suit).

### 2. *Plaintiff Properly Pled an Express Warranty Claim*

Pursuant to Illinois statute, "[a]ny affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise." 810 ILCS § 5/2-313(1)(a).

"To state a claim for breach of express warranty in Illinois, plaintiffs must allege that the seller: (1) made an affirmation of fact or promise; (2) relating to the goods; (3) which was part of the basis for the bargain; and (4) guaranteed that the goods would conform to the affirmation or promise." *O'Connor v. Ford Motor Co.*, 477 F. Supp. 3d 705 (N.D. Ill. 2020).

Defendant promised its sliced Gouda underwent some smoking, even though it was not smoked at all. FAC ¶¶ 1, 33, 72. This breached the express warranty made to Plaintiff, and the Product did not conform to its affirmations of fact. FAC ¶¶ 99, 105.

### 3. *Plaintiff's Implied Warranty of Merchantability Claim is Sufficient*

Pursuant to statute, Defendant warranted the Product would be merchantable because it is "a merchant with respect to goods of that kind." 810 ILCS 5/2-314. Defendant argues the implied warranty of merchantability claim is lacking because the Product was "merchantable [and] '… fit for the ordinary purposes for which such goods are used." *Oggi Trattoria and Caffe, Ltd. v. Isuzu Motors Am., Inc.*, 865 N.E.2d 334, 340 (Ill. App. Ct. 2007). However, the "ordinary purpose" of a food labeled as "smoked cheese" is to pass in the trade as a cheese "smoked over fire and

hardwood," rather than deriving its "smoked flavor from liquid smoke, prepared by pyrolysis of hardwood sawdust." FAC ¶¶ 32-33, 68.

B.   Negligent Misrepresentation Claim is Viable based on Economic Loss Doctrine

Contrary to Defendant's contention, Plaintiff's negligent misrepresentation claim satisfies an exception to the economic loss rule. Def. Mem. at 21.

The economic loss doctrine which holds that claims alleging only economic loss must proceed in contract, not tort. *Veath Fish Farm, LLC v. Purina Animal Nutrition, LLC*, No. 17-cv-0303-MJR-SCW, 2017 WL 4472784, at *8 (S.D. Ill. Oct. 6, 2017) citing *Moorman Manufacturing. Co. v. National Tank Co*., 91 Ill.2d 69, 61 Ill. Dec. 746, 435 N.E.2d 443, 453 (1982).

The *Moorman* court recognized an exception to the economic loss rule where a trusted party breached a duty owed to a plaintiff, independent of any contractual obligation or warranty. *Congregation of the Passion, Holy Cross Province v. Touche Ross & Co.*, 159 Ill.2d 137, 201 Ill. Dec. 71, 636 N.E.2d 503, 515 (1994).

As the largest grocer in the nation, known for selling the highest quality goods under its "Private Selection" brand, Defendant had a duty to truthfully represent the Product, which it breached. This duty is based on its special knowledge and experience in the supply of cheese products. FAC ¶¶ 66, 68-69, 106-7.

Plaintiff "relied on these negligent misrepresentations and omissions", which induced her to purchase the Product. Plaintiff "would not have purchased the Product or paid as much if the true facts had been known, suffering damages." *Id*. ¶¶ 109-110.

C.   The FAC Exceeds Particularity Requirements for Fraud

Defendant argues that Plaintiff's fraud claim is deficient based on the failure to plead intent. Def. Mem at 20. This is false, as Plaintiff satisfies Rule 9(b), which requires a party alleging fraud to "state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). This

"ordinarily requires describing the who [Defendant], what [labeled the Product "Smoky Gouda" and "Distinctive Smoky Flavor" under its "Private" label brand], when [between November and December 2020, among other times], where [Kroger, 2701 Columbus St, Ottawa, IL 61350] and how [failure to disclose "added smoke flavor" and/or "not smoked" on the front label] of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case." FAC ¶¶ 1, 70-71, 112; *see Anchor Bank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). Defendant's fraudulent intent is further evinced by its knowledge that the Product was not consistent with its representations. FAC ¶¶ 111-112.

D.    Unjust Enrichment Should Proceed

Unjust enrichment is not a distinct cause of action under Illinois law, however it is "a condition brought about by fraud" as argued above, "or other unlawful conduct." *Vanzant v. Hill's Pet Nutrition, Inc*., 934 F.3d 730, 739-40 (7th Cir. 2019). Since Plaintiff has stated a claim under the ICFA, her unjust enrichment claim survives as well.  FAC ¶ 113.

III.    **PLAINTIFF HAS STANDING TO PURSUE CONSUMER FRAUD MULTI-STATE CLASS**

Defendant argues Plaintiff lacks standing to assert claims on behalf of consumers in the Consumer Fraud Multi-State Class. Def. Mem at 22. Defendant's argument is inconsistent with precedential decisions from the Seventh Circuit. *Morrison v. YTB Int'l, Inc.*, 649 F.3d 533, 536 (7th Cir. 2011).

Defendant wrongly conflates "standing" with "choice-of-law," in arguing that Plaintiff "cannot bring claims under the laws of any state other [than] Illinois." Def. Mem. at 22-23. Though Defendant cites purported distinctions between the consumer protection statutes for members of the Consumer Fraud Multi-State Class, this has "nothing to do with standing, though it may affect whether a class should be certified." Def. Mem. at 22; *see Morrison*, 649 F.3d at 536; *see also*

*Cohan v. Medline Indus., Inc.*, No. 14-cv-1835, 2014 WL 4244314, at *1-2 (N.D. Ill. Aug. 27, 2014) (denying pleading stage dismissal based on standing where of out-of-state plaintiff sought to represent affected persons in twenty-eight states, based on Illinois law).

Like the prospective class members in *Morrison* and *Cohan*, the members of the Consumer Fraud Multi-State Class are not prohibited from pursuing their claims under their state's consumer protection statutes. *Le*, 160 F. Supp. 3d at 1111 (permitting California plaintiff to invoke California law and the applicable consumer protection law of 40 states and the District of Columbia "that maintain consumer protection laws similar to those of California."); *see* FAC ¶ 81, n.10 (listing similar consumer protection laws). This Court can remedy "[P]laintiff's] alleged injury by ordering [Defendant] to pay [Plaintiff] some measure of restitution (assuming [s]he proves up those damages under the applicable law)." *Le*, 160 F. Supp. 3d at 1114; FAC ¶ 82 ("Common questions of law or fact predominate and include whether defendant's representations were and are misleading and if plaintiff and class members are entitled to damages.").

## IV.    PLAINTIFF HAS STANDING TO SEEK INJUNCTIVE RELIEF

Defendant's argument that Plaintiff's request for injunctive relief should be dismissed is contrary to the instant facts and legal authority. Def. Mem. 23. Relying on *Camasta v. Jos. A. Bank Clothiers, Inc.*, Defendant repeats "the unremarkable conclusion that '[w]ithout more than the speculative claim that [a plaintiff] will again be harmed by [the defendant], [a plaintiff] is not entitled to injunctive relief.'" *Le v. Kohls Department Stores, Inc.*, 160 F. Supp. 3d 1096, 1109 (E.D. Wis. 2016) quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 741 (7th Cir.2014).

However, as noted by the district court, Camasta's complaint "had merely put forth the bare assertion that 'there [wa]s a substantial danger that these wrongful retail practices w[ould] continue.'" *Camasta v. Jos. A Bank Clothiers, Inc.*, No. 12-cv-7782, 2013 WL 474509, at *6 (N.D.

Ill. Feb. 7, 2013). Plaintiff has standing to pursue injunctive relief because she "intends to, seeks to, and will purchase the Product again when she can do so with the assurance that Product's representations are consistent with its composition," which causes her to avoid purchasing the Product, even though she would like to. FAC ¶ 80.

Moreover, Plaintiff's allegations of continuing harm are not based on conjecture, "because the practices continue." FAC ¶ 88; *see Muir v. NBTY, Inc.*, No. 15-cv-9835, 2016 WL 5234596, at *10 (N.D. Ill. Sept. 22, 2016) (holding that a plaintiff in a consumer products class action could seek injunctive relief where the plaintiff was able to show that the defendant's fraudulent conduct was ongoing).

The continuing harm warranting a permanent injunction in this case is that Defendant is continues to falsely represent that the Product was subjected to at least some smoking. FAC ¶ 113 (Prayer for Relief, ¶¶ 2-3).

Defendant's argument, that because "[Plaintiff] is aware of [Defendant's] conduct, it is unlikely that he will purchase the Product again," "leads to anomalous results." Def. Mem. at 23 quoting *Hayes v. Gen. Mills, Inc.*, No. 19-cv-05626, 2021 WL 3207749, at *5 (N.D. Ill. July 29, 2021); *but see Le*, 160 F. Supp. 3d at 1111 citing *Schirmer v. Nagode*, 621 F.3d 581, 588 (7th Cir. 2010) (acknowledging that if the challenged conduct was the result of a "policy or custom of misapplying local ordinances against disfavored speech," plaintiffs would have standing).

Here, Defendant's failure to disclose that the Gouda was not subject to any smoking was based on the uniform practice of disregarding federal and identical state requirements for disclosure of added smoked flavor. FAC ¶¶ 24, 27.

Even where a plaintiff is *unlikely* to purchase a product again, he or she can maintain standing for injunctive relief. *Leiner v. Johnson & Johnson Consumer Companies*, 215 F. Supp. 3d 670, 673 (N.D. Ill. 2016) citing *Arreola v. Godinez*, 546 F.3d 788, 791, 795 (7th Cir. 2008).

## V.  PLAINTIFF REQUESTS LEAVE TO AMEND SHOULD THE COURT GRANT DEFENDANT'S MOTION

Fed. R. Civ. P. 15(a)(2) states that "[t]he Court should freely give leave [to amend a pleading] when justice so requires." Leave to file an amended complaint should be granted so long as it is not sought for reasons such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of the allowance of the amendment, [or] futility of amendment. *McDaniel v. Loyola Univ. Med. Ctr.*, 317 F.R.D. 72, 76 (N.D. Ill. 2016), quoting *Barry Aviation, Inc. v. Land O'Lakes Municipal Airport Commission*, 377 F.3d 682, 687 (7th Cir. 2004); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013) ("When a complaint fails to state a claim for relief, the plaintiff should ordinarily be given an opportunity, at least upon request, to amend the complaint to correct the problem if possible.").

Should the Court feel that certain necessary allegations are not present in the Amended Complaint, Plaintiff requests leave to file a Second Amended Complaint to correct any deficiencies.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests this Court deny Defendant's Motion to Dismiss, or in the alternative, grant leave to file a Second Amended Complaint.

Dated:    October 5, 2021

Respectfully submitted,

Sheehan & Associates, P.C.
/s/Spencer Sheehan
60 Cuttermill Rd Ste 409
Great Neck NY 11021-3104
spencer@spencersheehan.com

18

Tel: (516) 268-7080

Patrick D. Austermuehle
Peter S. Lubin
Lubin Austermehle, P.C.
360 West Butterfield Rd Ste 325
Elmhurst, IL 60126
Tel: (630) 333-0333
patrick@l-a.law
peter@l-a.law

19

**Certificate of Service**

I certify that on October 5, 2021, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan