UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Valerie Kinman,<br><br>    *Plaintiff*,<br><br>v.<br><br>The Kroger Co.,<br><br>    *Defendant*. | No. 21 CV 1154<br><br>Judge Lindsay C. Jenkins |

**MEMORANDUM OPINION AND ORDER**

Valerie Kinman ("Kinman") filed this lawsuit against The Kroger Company ("Kroger") alleging that Kroger violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and was unjustly enriched by selling her "Smoked Gouda" cheese (the "Product") with a deceptive label. More specifically, Kinman alleged the representation on the front of the Product's package that the cheese has a "distinctive, smoky flavor" is misleading because the cheese was not smoked over hardwood, and instead solely smoked with liquid. Currently before the Court is Kroger's motion for summary judgment on both claims. [Dkt. 79.] Because Kroger has presented unrebutted evidence that the cheese is smoked over hardwood, the motion is granted.

**I.  Local Rule 56.1**

"On summary judgment, the Court limits its analysis of the facts to the evidence that is presented in the parties' Local Rule 56.1 statements." *Kirsch v. Brightstar Corp.*, 78 F. Supp. 3d 676, 697 (N.D. Ill. 2015). A party that fails to comply with Local Rule 56.1 does so at their own peril. *Petty v. City of Chicago*, 754 F.3d 416,

1

420 (7th Cir. 2014). "District courts are 'entitled to expect strict compliance' with Rule 56.1, and do not abuse their discretion when they opt to disregard facts presented in a manner that does not follow the rule's instructions." *Gbur v. City of Harvey*, 835 F. Supp. 2d 600, 606-07 (N.D. Ill. 2011); *see also Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 382 n.2 (7th Cir. 2008) (District courts possess "broad discretion to require strict compliance with Local Rule 56.1").

Local Rule 56.1 requires the moving party to file a statement of material facts with citations to specific supporting evidence in the record. L.R. 56.1(a)(2); *see also* L.R. 56.1(d). The opposing party must then respond to each fact by either admitting it or disputing it with its own supporting evidence. L.R. 56.1(b)(2); *see also* L.R. 56.1(e). The non-moving party may also file additional facts supporting its position. L.R. 56.1(b)(3). Any facts that are not properly objected to are deemed admitted. L.R. 56.1(e)(3); *see also Keeton v. Morningstar, Inc.*, 667 F.3d 877, 884 (7th Cir. 2012) (where that party has failed to create a genuine dispute, the fact is deemed admitted).

Here, Kinman failed to respond to Kroger's statement of facts, and declined to file any additional facts. Nor has Kinman requested to rectify this deficiency. Consequently, all of Kroger's facts in its L.R. 56.1(a)(2) statement—the only statement of facts before the Court—are deemed admitted for purposes of this motion.

**II. Background**

Kroger does not manufacture the Product, but purchases it from Biery Cheese Co. [Dkt. 80 ¶¶ 1-2.] Biery manufactures and packages the Product, and has been doing so since 2009. [*Id.* ¶¶ 3-4.] Under penalty of perjury, Biery's president declared it "subjects the cheese to a wood-smoking technique, which is a combination of hot

and cold smoking in an industrial smoker that uses wood chips." [*Id.* ¶ 5.] The Product's smoke flavor "predominately" comes from the wood chips, but Biery also sprays a liquid smoke mixture on the rind of the cheese to enhance its color. [*Id.* ¶ 7.]

When Kinman purchased the Product, she wanted a cheese with smoked gouda flavor, and she presumed that the word "smoked" on the package meant that the Product was wood-smoked. [*Id.* ¶¶ 9-10.] Kinman agrees that the Product's packaging is not misleading if the cheese was exposed to hardwood smoke. [*Id.* ¶ 11.]

## III. Legal Standard

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); see also *Birch|Rea Partners, Inc. v. Regent Bank*, 27 F.4th 1245, 1249 (7th Cir. 2022).

Ultimately, summary judgment "is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Wade v. Ramos*, 26 F.4th 440, 446 (7th Cir. 2022) (quoting *Schacht v. Wis. Dept' of Corr.*, 175 F.3d 497, 504 (7th Cir. 1999)). A party opposing summary judgment must "set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 250. Summary judgment is proper if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

burden of proof at trial." *Ellis v. CCA of Tennessee LLC*, 650 F.3d 640, 646 (7th Cir. 2011) (quoting *Celotex*, 477 U.S. at 322).

### IV. Analysis

To succeed on an ICFA claim, a plaintiff must establish "(1) a deceptive act or practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deception; (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the plaintiff (5) proximately caused by the deception." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill.2d 100, 180 (Ill. 2005). An omission of a material fact can constitute a deceptive act or practice and occurs "where a buyer would have acted differently knowing the information." *Connick v. Suzuki Motor Co., Ltd.*, 174 Ill.2d 482, 505 (Ill. 1996).

The gravamen of Kinman's operative complaint is that the Product's label is actionably misleading because it omits the material fact the cheese was not subject to any smoking from hardwood. [*See e.g.*, Dkt. 43 ¶ 34 ("The front label does not disclose that *all* the Product's smoked flavor is from liquid smoke … instead of being smoked over hardwoods"); *id.* ¶ 39 (the Product "has not been subject to *any* smoking and gets *all* its smoked taste from added smoke flavoring"); *id.* ¶ 53 ("… consumers get the false impression the Product was made similarly to comparably labeled products and smoked over hardwood, when it was not"); *id.* ¶ 75 ("Plaintiff had no reason to know the Product was not subject to *any* smoking"); *id.* ¶ 76 ("Plaintiff wanted more than a 'smokey' taste but a product that was smoked over hardwood…"); *id.* ¶ 90 ("Plaintiff desired to purchase a product which was subject *to at least some smoking to provide its smoked taste*.") (emphases added).]

4

The dispositive problem for Kinman is that Kroger has presented unrebutted evidence that the Product did in fact receive hardwood smoking. [Dkt. 81 at 11-12.][1] Kroger has submitted a declaration from the president of Biery Cheese Co., which states the cheese is subjected to both hot and cold smoking over wood chips, and that this process "predominately" provides the Product's smoky flavor. [Dkt. 80-3 ¶¶ 8-10.] Kinman does not dispute the veracity of the declaration. Consequently, Kinman cannot satisfy the first element of her ICFA claim because the Product's packaging was not deceptive—it was indeed smoked over hardwood. Simply put, gouda cheese exposed to hardwood smoke is precisely what Kinman wanted to purchase, so she was not misled, and Kroger did not omit any material facts, so its conduct was not deceptive. *Connick*, 174 Ill.2d 482 at 505.

Kinman's arguments in response are unavailing. First, Kinman argues that "she had not noticed the 'Distinctive Smoky Flavor' phrase on the Product's labeling until her deposition", [Dkt. 88 at 8], but that representation on the front of the packaging is the entire basis for the lawsuit. [Dkt. 43 ¶ 73 ("Plaintiff saw the front label that said, 'Smoked Gouda,' 'distinctive, smoky flavor,' and noticed there was no mention of added smoke flavor.").] Kinman's broader effort to point to different portions of her deposition testimony, [Dkt. 88 at 8-9], fail to negate the salient point

---

[1] Citations to docket filings generally refer to the electronic pagination provided by CM/ECF, which may not be consistent with page numbers in the underlying documents.

that Kinman admitted she wanted gouda cheese exposed to wood smoke, and she has presented no evidence to contest the fact that the Product was wood-smoked.[2]

Kinman next argues that the packaging description is material because, according to a survey conducted by Kinman's expert, over 60 percent of consumers indicated "that they would prefer to purchase smoked Gouda cheese flavored only via exposure to woodsmoke." [Dkt. 88 at 10.] While there are myriad problems with this argument, the most glaring is that it flips the complaint's allegations on their head. Kinman's amended complaint alleges that the Product's packaging was misleading because it contained *no* hardwood smoking, not that it was misleading because some consumers would prefer not to have any liquid smoking. [*See* Dkt. 43 ¶¶ 34, 39 53.] She does not allege that the presence of any liquid smoking (in addition to hardwood smoking) makes the label deceptive.

Kinman also contends that the label is misleading because it does not comport with federal regulations. [Dkt. 88 at 11.] But as Kinman's counsel knows full well, that is not an appropriate basis to establish an ICFA violation. *Zahora v. Orgain*, 2021 WL 5140504, at *4 (N.D. Ill. Nov. 4, 2021) ("FDA product labeling regulations are not relevant in determining whether [a plaintiff] has stated a claim under the ICFA" because ICFA claims are "about a reasonable consumer's understanding of the labeling" at issue, and not "the enforcement of FDA regulations – which, again, lies solely within the purview of the FDA"); *Smith v. General Mills Sales*, 2023 WL

---

[2] As discussed earlier, the Court need not even consider Kinman's citations to her deposition because they were not properly submitted through the Local Rule 56.1 process. The same is true for the expert reports Kinman attempts to use. [*See* Dkt. 87; Dkt. 88 at 10-13.] Even considering these materials, however, Kinman's arguments fall short.

6

2349908, at *4 (N.D. Ill. Mar. 3, 2023) ("a reasonable consumer's expectations wouldn't necessarily align with the regulations because average consumers are not likely to be aware of the nuances of the FDA's regulations.")[3] Here, Kinman wanted gouda cheese that was smoked over hardwood, and that is what she got. *Darne v. Ford Motor Co.*, 2017 WL 3836586, at *10 (N.D. Ill. Sept. 1, 2017) (a Plaintiff must be "actually deceived" to recover under ICFA).

Kinman's final argument is that the declaration from the president of the Product's manufacturer is "self-serving" and "insufficient for the Court to conclude" that the packaging does not violate ICFA. [Dkt. 88 at 12.] Not so. At summary judgment, the parties are tasked with providing the evidence "it has that would convince a trier of fact to accept its version of events." *Wade*, 26 F.4th 440, at 446. Kroger presented a declaration, submitted under penalty of perjury, stating the Product is subject to two forms of wood smoking. Any amount of wood smoking in the Product defeats Kinman's claims for the reasons already stated, and Kinman has not presented any evidence showing that the declaration is incorrect on this point.

Ultimately, Kinman's arguments do not meaningfully attempt to dispute the crucial fact on which this lawsuit rests: the Product is wood-smoked. Accordingly, Kroger's motion for summary judgment on the ICFA claim is granted, and without a corresponding cause of action, Kinman's unjust enrichment claim also fails. *Krug v. Am. Family Mut. Ins. Co.*, 227 F. Supp. 3d 942, 946 (N.D. Ill. 2016) (when an unjust

---

[3] Kinman's counsel was also counsel of record in both cited cases.

enrichment claim "rests on the same improper conduct alleged in another claim it will stand or fall with the related claim.")

## V.     Conclusion

For the reasons stated herein, Kroger's motion for summary judgment is granted on both of Kinman's claims. The case is terminated.

Enter: 21 CV 1154
Date: March 20, 2024

_____
Lindsay C. Jenkins
United States District Judge